MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

CHINHAYI COLEMAN CADET (CABN 194542)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone:  (415) 436-6805
    Fax: (415) 436-7234
    E-Mail: chinhayi.cadet@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  CR 11-0337 MMC |
| Plaintiff, | [REVISED PROPOSED] DETENTION ORDER |
| v. | |
| WILLIAM MONTE DAVIS, | |
| Defendant. | |

    A grand jury in the Northern District of California charged Defendant William Monte Davis with a drug offense carrying a maximum sentence of at least ten years under the Controlled Substances Act.  For the reasons set forth below, the Court detains Davis as a danger to the community and a flight risk.  See 18 U.S.C. § 3142.

**I.    LEGAL STANDARDS**

    Under the bail statute, 18 U.S.C. § 3142, a Court may order the release of a defendant unless conditions of release will not reasonably assure the defendant's appearance or the safety of the community or another person.  The Court must order a defendant detained if – "after a hearing pursuant to the provisions of subsection [3142](f)" – the Court finds that conditions

DETENTION ORDER
CR 11-0337 MMC

cannot be fashioned to assure the defendant's appearance in Court or the safety of the community or another person. See 18 U.S.C. § 3142.  For a drug offense with a maximum prison sentence of at least ten years, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of the community." 18 U.S.C. § 3142(e)(3).  The presumption shifts a burden of production to a defendant, but the burden of persuasion remains with the government. See United States v. Hir, 517 F.3d 1081, 1086 (9th Cri. 2008).

Under Section 3142(f), the Court holds hearings only in certain cases, including on the government's motion in drug cases involving a maximum sentence of at least ten years.  At the hearing, the Court determines whether any conditions in Section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person.  The Court may hold the detention hearing immediately at the defendant's first appearance, but the government may continue the hearing for three days and the defense may continue it for five days.  See 18 U.S.C. § 3142(f).  Further continuances are allowed only for good cause.  See id.  A defendant has certain rights at the hearing, including the right to be represented by counsel and the opportunity to testify, present witnesses, and present information by proffer or otherwise.  See id. Section 3142(f) addresses other procedural issues including the following: (1) the rules of evidence do not apply at a detention hearing and (2) a court must have clear and convincing evidence to support a finding that conditions of release will not reasonably assure the safety of the community or another person.

In evaluating whether conditions can be fashioned to assure the safety of the community or another person, a Court considers the factors in Section 3142(g), including (1) the nature and circumstances of the offense, including whether the offense is one of certain enumerated crimes (including a controlled substance offense), (2) the weight of the evidence, (3) the history and characteristics of the person (including his job, financial resources, family ties, community ties, substance abuse history, physical and mental condition, character, criminal history, past conduct, track record in appearing in court, and whether at the time of arrest the person was on

DETENTION ORDER
CR 11-0337 MMC

supervision for parole, probation, or other release in a pending criminal case), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release.

II.     **PROCEDURAL FACTS**

The defendant initially appeared before the Honorable Jacqueline Scott Corley, U.S. Magistrate Judge, on May 26, 2011, charged with the instant offense.  By motion in open court on May 26, 2011, the government asked for the mandatory detention hearing under Section 3142(f) for drug offenses carrying a maximum penalty of at least ten years, and asked for a three-day continuance.  With the government and the defense counsel's agreement, the Court (a) set a detention to take place three Court days later – on June 1, 2011 before the Honorable Elizabeth D. Laporte, (b) referred the matter to Pretrial Services for a bail study, and (c) detained the defendant pending the hearing, as required by Section 3142(f).

On June 1, 2011, Pretrial Services provided a report that included criminal history, employment history, health information, and surety information.  The criminal history showed numerous arrests and convictions, many of which are similar to the conduct alleged in the present case.  The defendant's criminal history dates back to 1990, and he has sustained four felony convictions and eight misdemeanor convictions.  His prior felony drug convictions include an October 2, 2003 conviction for Possession of a Controlled Substance for Sale; an April 13, 1995 conviction for Possession of Marijuana for Sale; a March 9, 1994 conviction for Possession of a Controlled Substance for Sale; and a March 18, 1994 conviction for Possession of a Controlled Substance.  His probation has been revoked or modified, resulting in additional jail time, on the following four occasions: May 26, 1993; March 9, 1994; April 22, 1994; and April 13, 1995.  He was received by the California Department of Corrections for a violation of parole to finish his term on the following four occasions: June 26, 1998; November 25, 1998; March 16, 2007; and November 16, 2009.  Davis was on probation at the time he committed the instant offense.  The Pretrial Services report showed a lack of viable sureties, and Davis' current employment is not verified.

DETENTION ORDER
CR 11-0337 MMC

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Following a hearing under 18 U.S.C. § 3142(f), and considering the factors set forth in Section 3142(g), the Court finds that no condition or combination of conditions is Section 3142(c) will reasonably assure Davis' appearance in this case or the safety of any other person or the community. In particular, the Court considered the following facts and 3142(g) factors.

#### A. The Nature and Circumstances of the Offense

The serious narcotics offense in this case involves 89.6 grams of high purity methamphetamine. The 6.2 grams of methamphetamine found on Davis was 96.8% pure, and the 83.4 grams of methamphetamine found on his companion and attributable to Davis was 98.9% pure. As an individual dosage amount of methamphetamine is generally 0.1 to 0.2 grams, the amount of methamphetamine in this case is consistent with distribution. Indeed, possession of 50 grams of at least 80% pure methamphetamine triggers a 10 year mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(A)(vii). Danger to the community is shown by Davis' access to such a large amount of very pure methamphetamine.

#### B. The Weight of the Evidence

While the weight of the evidence is the least important factor, see e.g., United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991), it is relevant to the Court's assessment of danger to the community and risk of the defendant's non-appearance in Court. This case involves an audio recorded statement by Davis to the arresting officer that Davis had been working as a middle man with respect to narcotics distribution for approximately six months, and that he was transporting the drugs to a purchaser when he was stopped by police in the present case. Given the substantial penalties that Davis faces, the strong case tends to show flight risk and reveals a danger to the community of Davis' conduct.

#### C. The History and Characteristics of Davis

As discussed above, Davis, who is 45, has 4 prior felony convictions. Despite several jail terms that resulted from drug sales, he engaged in drug trafficking in the present case. Additionally, as Davis is presently on probation for another offense, his behavior gives the Court

DETENTION ORDER
CR 11-0337 MMC

no assurance that he would comply with any conditions of supervision that the Court might set. These facts show danger to the community.

Also, the bail study revealed Davis' regular use of narcotics, including the use of methamphetamine two to three times per week, and the use of marijuana one to two times per week. His drug use is long-standing. Six years ago, he participated in an outpatient drug treatment program. Additionally, from April 2009 through May 2009, he participated in a 30-day inpatient drug treatment program. He completed both programs successfully. Nevertheless, Davis' drug use persists. His serious drug use suggests impaired judgment, which in turn is relevant to both risk of flight and safety of the community and others.

Some factors weigh in Davis' favor. He has lived in the Northern District of California since he was two years old, and his wife is willing to post an unspecified amount of cash for a bond. However, Davis has no proposed sureties who would be able and/or willing to execute an adequately secured bond. Given the lack of viable sureties, release conditions cannot be fashioned to reasonably mitigate the defendant's risk of flight.

   D.   Conclusions of Law

The Court concludes that Davis is a flight risk and a danger to the community. The Court finds by a preponderance of the evidence that no 3142(c) conditions will reasonably assure Davis' presence, and by clear and convincing evidence that no conditions will reasonably assure the safety of the community or others. See 18 U.S.C. § 3142(f).

## IV.   DETENTION ORDER

Having found Davis a danger to the community and a flight risk, the Court orders Davis detained pending trial. The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. See 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. See id. § 3142(i)(3). On order of a court of the United States or on

DETENTION ORDER
CR 11-0337 MMC

5

request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.  See id. § 3142(i)(4).

 IT IS SO ORDERED.

DATED: June 16, 2011

_____
THE HONORABLE ELIZABETH D. LAPORTE
United States Magistrate Judge

DETENTION ORDER
CR 11-0337 MMC

6